**Leena VARUGHESE, M.D.,**
**Plaintiff-Appellant,**

v.

**MOUNT SINAI MEDICAL CENTER, Patrick Lento, M.D., Carlos Cordon-Cardo, M.D., Adolfo Firpo, M.D., Ira J. Bleiweiss, M.D., John Does, 1-10, Defendants-Appellees,**

**ABC Corporation, Inc., 1-10, Defendant.**

**No. 15-1328**

United States Court of Appeals, Second Circuit.

July 7, 2017

FOR PLAINTIFF-APPELLANT: LEENA VARUGHESE, M.D., pro se, Piscataway, New Jersey.

FOR DEFENDANTS-APPELLEES: RORY J. MCEVOY, Akerman LLP, New York, New York.

PRESENT: ROBERT D. SACK, SUSAN L. CARNEY, CHRISTOPHER F. DRONEY, Circuit Judges.

**SUMMARY ORDER**

Appellant Leena Varughese, proceeding *pro se,* appeals the District Court's grant of summary judgment to defendants on her employment discrimination claims. We review a district court's grant of summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter of law. *Sotomayor v. City of New York,* 713 F.3d 163, 164 (2d Cir. 2013). We assume the parties' familiarity with the underlying facts and the procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

Review of the record and relevant case law here reveals that the District Court properly granted summary judgment to defendants. We affirm for substantially the reasons stated by the District Court in its thorough March 2015 decision. The record supports the District Court's conclusion that no reasonable jury could find that Varughese, a woman of Indian descent, was denied a promotion, disciplined, and ultimately terminated for discriminatory reasons, as opposed to for her unacceptable behavior in a series of escalating incidents. *See Holt v. KMI-Cont'l, Inc.*, 95 F.3d 123, 130 (2d Cir. 1996) (holding that employee's "disruptive" behavior and refusal to "take direction from her supervisors" were "legitimate reasons for firing [her]"). As to her hostile work environment claim, we draw all inferences in Varughese's favor and consider as evidence of discrimination her supervisor's repeated remark that "you don't know the crazy things you find in India." Joint Appendix ("J.A.") 151. Varughese testified, however, that the supervisor made the comment rarely: over three years, only "at least like four" times. J.A. 152. Even accepting that these comments may have evidenced discrimination, as a matter of law they were insufficiently severe and pervasive to constitute a hostile work environment. *See, e.g., Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 547 (2d Cir. 2010) ("Isolated incidents generally will not suffice to establish a hostile work environment unless they are extraordinarily severe."); *Alfano v. Costello*, 294 F.3d 365, 378-81 (2d Cir. 2002) (concluding that "five incidents in a span of more than four years" did not amount to a hostile work environment).

We have considered all of Varughese's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the March 31, 2015 judgment of the District Court.